Filed 6/22/21  P. v. Ruiz CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO RUIZ,<br><br>    Defendant and Appellant. | B305229<br><br>(Los Angeles County<br>Super. Ct. No. BA190220) |

APPEAL from an order of the Superior Court of Los Angeles County, George Lomeli, Judge.  Reversed and remanded.

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, A. Natasha Cortina, Supervising Deputy Attorney General, and Alan L. Amann, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Ricardo Ruiz (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1] The Attorney General concedes a remand for further section 1170.95 proceedings in the trial court is required because the trial court should have appointed counsel for defendant before ruling on his petition. We will reverse and remand for that reason.

## I. BACKGROUND

Defendant participated with four others in the fatal jailhouse beating of victim Mauricio Avalos (Avalos). (*People v. Sandoval et al.* (Sept. 19, 2005, B176199 [nonpub. opn.] (*Sandoval*).) The cause of death was blunt force trauma caused by contact with a hard surface or object. (*Ibid.*)

At defendant's trial on a charge of murder, the jury was instructed on the natural and probable consequences doctrine, specifically, that they could find defendant guilty of murder if it were the natural and probable consequence of an assault. (*Sandoval, supra*, B176199.) The Attorney General acknowledges the prosecutor, at least in part, relied on the natural and probable consequences theory in closing argument. The jury found defendant guilty of second degree murder and the trial court sentenced him to 15 years to life in prison. (*Ibid.*) This court affirmed the judgment (with minor corrections to the abstract thereof) on direct appeal. (*Ibid.*)

In November 2019, defendant filed a section 1170.95 petition asking the trial court to vacate his murder conviction

---

[1] Undesignated statutory references that follow are to the Penal Code.

2

because the jury was permitted to find him guilty on a natural and probable consequences theory, which meant, in the language of section 1170.95, that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3); see also *People v. Gentile* (2020) 10 Cal.5th 830, 848 [Senate Bill No. 1437's amendments to section 188 "eliminate[ ] natural and probable consequences liability for murder regardless of degree"].) Defendant's petition asked the court to appoint counsel for him and was accompanied by a declaration from defendant professing, among other things, a lack of knowledge that anyone intended to kill Avalos.

The trial court denied defendant's petition without first appointing counsel for defendant. Citing this court's prior opinion in *Sandoval*, *supra*, B176199 and recapitulating the facts of Avalos's beating, the trial court believed "it is clear from the overall evidence that [defendant] with an intent to kill aided and abetted the murder of [Avalos] and/or was a major participant who acted with reckless indifference to human life."[2]

## II. DISCUSSION

Defendant argues the trial court wrongly denied his section 1170.95 petition without first appointing counsel to represent him because he made the requisite statutory prima facie showing and there is nothing that indicates he is ineligible for relief as a matter of law. The Attorney General agrees, conceding it is not

---

[2]     The latter reckless indifference finding made by the trial court is irrelevant; defendant was not prosecuted on a theory of felony murder. (See generally § 189, subd. (e).)

evident as a matter of law from the record of conviction that defendant was convicted on a malice theory of murder rather than a natural and probable consequences theory of aiding and abetting.

The jury was instructed on natural and probable consequences murder, the prosecution apparently argued that theory to the jury, and the record does not foreclose the possibility that the second degree murder verdict rests on a natural and probable consequences theory of aiding and abetting. We therefore agree with the parties that reversal and a remand for further proceedings is required.[3] (§ 1170.95, subd. (c) ["The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served"]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 ["Because the court is only evaluating whether there is a prima facie showing the petitioner falls within the provisions of the statute, however, if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition,

---

[3]     Defendant's reply brief argues we should remand to a particular judge. We decline, both because the point raised in reply is raised too late and because the question of who the assigned judge will be on remand is not ripe for appellate review.

4

permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief"]; see also *People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted Jul. 22, 2020, S262835 ["If . . . a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95"].)

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded with directions to appoint counsel for defendant and to thereafter proceed consistent with section 1170.95, subdivisions (c) through (e).


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:


MOOR, J.


KIM, J.


5